IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMAR RAY STEELE, JR.,

    **Plaintiff,**

v.                                                CASE NO. 25-3108-JWL

RONALD MILLER, ET AL.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Lamar Ray Steele, Jr., a federal pretrial detainee, filed this pro se civil rights action alleging that his constitutional rights are being violated by Defendants Chief Ronald Miller and Chief Deputy Jerry Viera of the United States Marshals Service (USMS) provision of inadequate medical care and their deliberate indifference to his serious medical needs. (Doc. 1, p. 4.) He is currently detained at Leavenworth Federal Correctional Institution and, as a pretrial detainee, he is in the custody of the USMS. As relief in this action, Plaintiff asks that this case be "intertwined" with his pending criminal case in this Court, Case No. 22-cr-40085-TC, and he seeks monetary damages. *Id.* at 8. On June 10, 2025, the Court issued a memorandum and order to show cause (MOSC) ordering Plaintiff to show cause, in writing, why this action should not be dismissed for the reasons set forth in the MOSC. (Doc. 4.) This matter comes before the Court on Plaintiff's response. (Doc. 5.)

In the MOSC, the Court set out the standards under which this Court conducts the statutorily required screening of complaints brought by prisoners. (Doc. 4, p. 2-3.) The Court found that although Plaintiff utilized the form required for actions brought under 42 U.S.C. § 1983 to file his complaint, neither named Defendant may be sued under § 1983 because United States Marshals

1

do not act under color of *state* law. *Id.* at 3-4. The Court also explained in the M&O that Plaintiff has not shown that he may bring his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 288 (1971). (Doc. 4, p. 4-8.) Thus, Plaintiff has failed to show that a cause of action exists for his claims. *Id.*

The Court pauses to discuss the related concepts of "cause of action" and "right of action." "Cause of action" is defined as "a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary (12th ed. 2024). It is closely related to the term "right of action," which is defined as "[t]he right to bring a specific case to court," and the term "private right of action," which is defined as "[a]n individual's right to sue in a personal capacity to enforce a legal claim." *Id.* "Private right of action" and "private cause of action" are sometimes used interchangeably. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).

"Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024) (citation omitted). Rather, they generally are "invoked defensively in cases arising under other sources of law or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *Id.* Section 1983 states, in relevant part:

> Every person who, under color of any statute . . . of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress* . . . .

42 U.S.C. § 1983 (emphasis added).

By this language, "[s]ection 1983 allows an individual to sue a government actor in his individual capacity for violating her constitutional rights and recover money damages from resulting injuries that the actor caused by his violation." *Cuervo v. Sorenson*, 112 F.4th 1307, 131-

14 (10th Cir. 2024). In other words, 42 U.S.C. § 1983 creates a cause of action or a right of action for an individual whose constitutional rights are violated by someone acting under color of state law. In addition, state law sometimes provides a cause of action for enforcement of constitutional rights. *See DeVillier*, 601 U.S. at 292-93 (holding that Texas state law provides a cause of action by which landowners could seek compensation owed to them under the Takings Clause of the Fifth Amendment to the United States Constitution).

Prior to *Bivens*, there was no private federal right of action available for an individual whose Fourth Amendment rights had been violated by federal agents acting under color of their federal authority. Put another way, before *Bivens* was decided in 1971, an individual had no right to sue in federal court a federal agent who, while acting under color of federal law, violated the individual's constitutional rights. In *Bivens*, the United States Supreme Court "created a cause of action against federal agents for a violation of the Bill of Rights." *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024); *see also Mohamed v. Jones*, 100 F.4th 1214, 1229 (10th Cir. 2024) ("When the Supreme Court decided *Bivens*, it created a claim for constitutional violations by federal officials."). The *Bivens* Court held that a person whose complaint asserted that his Fourth Amendment rights were violated by federal agents acting under color of federal authority "state[d] a cause of action" and therefore that person was "entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Bivens*, 403 U.S. at 397. By so holding, the Supreme Court "implied" a federal cause of action. *See Mohamed*, 100 F.4th at 1229.

As explained in the MOSC, more recent decisions from the Supreme Court have severely corralled the recognition of "a *Bivens* cause of action" and have, in essence, prohibited its expansion beyond certain specific contexts, none of which exist here. (Doc. 4, p. 4-8.) Therefore,

unless Plaintiff can identify another legal basis that gives him the right to seek relief for the violation of his constitutional rights by the Defendant federal agents, who are acting under color of federal law, he may not pursue the claims he asserts in this action.

In his response, Plaintiff asks the Court to treat his claim "as a claim brought under 28 [U.S.C. §] 1915." (Doc. 5, p. 1.) But nothing in 28 U.S.C. § 1915 establishes a cause of action or otherwise gives Plaintiff the legal right to sue federal officials for the violation of his constitutional rights. Section 1915 establishes guidelines under which federal courts may allow individuals to proceed without prepayment of filing fees and certain procedures to be followed in such cases. Similarly, Plaintiff's request that the Court allow him "to amend his complaint to a 28 [U.S.C. §] 1915 form," *see id.* at 4, cannot be granted; no such form exists, since § 1915 does not create a cause of action under which an individual could bring claims to federal court.

The majority of Plaintiff's response reiterates the factual basis for his claims and challenges the effectiveness and practicality of pretrial detainees using the Administrative Remedy Program (ARP). *Id.* at 1-4. The Court acknowledges Plaintiff's frustration, but even taking all of Plaintiff's factual allegations as true, Plaintiff has not shown that he has a cause of action by which to bring these claims. Plaintiff's challenges to the effectiveness and practicality of pretrial detainees using the ARP also does not cause the Court to reconsider the conclusions it came to in the MOSC. As noted in the MOSC, "[t]he existence of the [ARP] is enough; it does not matter 'if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy.' *Egbert* [*v. Boule*], 596 U.S. [482,] 498 (2022)." (Doc. 4, p. 7.)

Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Thus, this case must be dismissed for failure to state a claim on which relief can be granted. To the extent that Plaintiff sought other relief in his response, such as

an extension of time in which to submit the initial partial filing fee, such requests are denied and this case will be closed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 25, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
